IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY L. THACKER, etc.,

                        Plaintiff,           Case No. 3:05 CV 7285

    -vs-

                                      O R D E R

DAIMLERCHRYSLER CORPORATION,
et al.,

                        Defendant.

KATZ, J.

Before the Court are separate motions filed on behalf of DaimlerChrysler Corporation and The Wackenhut Corporation seeking either reconsideration of this Court's Memorandum Opinion of September 24, 2007 or, in the alternative, a certification by this Court for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Doc. Nos. 96 & 99). The Court notes that DaimlerChrysler's motion was filed October 29, 2007, and Plaintiff responded November 20, 2007 (Doc. No. 100). Because Wackenhut's motion contains substantially the same assertions and was filed November 14, 2007, Plaintiff's brief in response addressed the motions of both Defendants. For the reasons hereinafter stated, the Court will deny Defendants' motions for reconsideration, but will grant the motions for certification of interlocutory appeal.

**MOTION FOR RECONSIDERATION**

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the

court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

Defendants do not argue that there has been an intervening change in the law which provided the rule of decision in this case. Nor do they suggest that evidence has newly become available to him which would require a different result. Rather, the arguments they give in their motion to alter or amend amount to little more than a disagreement with the Court's decision, and advise the Court that it should – based on the same law, cases and arguments previously cited – change its mind based on a difference of opinion between the Court and Defendants regarding the facts in the case. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration.

Defendants' latest round of arguments is more appropriately reserved for appellate review, where Defendants can raise anew, to a different judicial tribunal, its unavailing arguments. *See Todd Shipyards v. Auto Transp.*, 763 F.2d 745, 750 (5th Cir. 1985). As one Court has stated, mere dissatisfaction with a Court's ruling is an inappropriate and insufficient ground to support a motion for reconsideration:

> As the above standards indicate, . . . these motions should not be filed as a matter of routine by the party who has been adversely impacted by a court's ruling. [. . . ] This Court, just like all other courts, works diligently and strives carefully to issue its best opinion while deciding any motion. Unless the parties can convince this Court that the standards described above have been met (i.e., to correct "manifest errors of law or to present newly discovered evidence"), this Court strongly believes that the parties['] energies can be better served by pursing their rearguments at the proper time on appeal. Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling.

*Meekison v. Ohio Dep't of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Jefferson v. Security Pac. Fin. Servs, Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995)), *order rev'd on other grounds* 67 Fed. Appx. 900 (6th Cir. 2003).

For the foregoing reasons, Defendants' motions for reconsideration are denied.

**MOTIONS FOR INTERLOCUTORY APPEAL**

Because the decision of this Judge is different from that in a case arising out of the same incident decided by Chief Judge James G. Carr, *Medlen v. The Estate of Myles Meyers et al.* (N.D. Ohio Case No. 3:05 CV 7201), Defendants urge the Court to grant interlocutory appeal pursuant to Section 1291(b). In the *Medlen* case Judge Carr granted summary judgment to Defendants; according to Defendants, as stated in their brief in support of these motions, Judge Carr had before him all of the evidence submitted to this Judge in the instant case. Judge Carr determined that there was no genuine issue of material fact and granted summary judgment to Defendants.

It would appear clearly to this Court that the order from which Defendants seek the right to file an interlocutory appeal does, in fact, involve a controlling question of law as to which there is substantial ground for difference of opinion. An interlocutory appeal from this Court's order may materially advance the ultimate termination of this litigation for if such appeal results in affirmance of this Court's action, the case will be returned for trial. However, should the Court of Appeals determine that this Court did, in fact, commit error, then the reversal of this Court's decision would terminate the litigation.

It is, therefore, the opinion of this Court that Defendants' motions for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) should be and hereby is granted.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE